Caruthers, J,,
delivered the opinion of the Court.
This is an action of debt brought in the Circuit Court of ITenry, upon a promissory note, for $1,314.67, by the defendants against the plaintiff in error. The declaration alleges that the note was made in St. Louis, Missouri. The note is dated, “ Saint Louis, May 13, 1859,” and due six months after date. It contains this stipulation on its face; “if not paid at maturity, with interest at ten per cent, per annum.” There are two pleas in defence.
1. That the note sued upon was not made in Saint Louis, Missouri, but in Paris, Tennessee.
2. Payment.
The plaintiffs took issue upon the last plea, but moved the Court to strike out the first. This motion was sustained, and verdict and judgment on the other for the plaintiffs below.
The only question here is, whether there was error in the action of the Court in striking out the first plea. If it was a perfect defence to the action, if true: it was a good plea, and issue should have been taken upon it.
It is not controverted in the argument that by the *444 law of Missouri ten per cent, interest by contract is allowed, and may be reserved and taken. But in Tennessee, such a contract is illegal and usurious; it is an indictable offence by our law to take more than six per cent. A contract containing on its face this, or any other illegal stipulation, cannot be enforced in a court of law or equity. No court will give its active aid upon such a contract. Isler v. Brunson, 6 Hum., 278, applies this universal principle to contracts stipulating for usurious interest on their face. Then it cannot he controverted if this note were made in Tennessee, and no other place of payment designated where a greater rate of interest is allowed, no suit could be maintained upon it in our courts.
But it is averred in the declaration that it was made in Missouri, and must be governed by the law of that State, and consequently they have not only a right to sue upon it here, but to recover the ten per cent. That is certainly true if the fact be so, as the law of the place where the contract is made, unless some other place is fixed for its porformance, must govern on this question. Story on Con. of L., § 804-5; 2 Kent Com., 460, 461; 13 Peters, 65, 77, 78; 2 Parsons on Con., .96.
This being the law, why is it not material, in view of the question, not so much of usury, but to test the legality of the contract, to ascertain where it was made? If in Missouri, it could be enforced here as well as there, but if in Tennessee, it is illegal on its face, and the plaintiffs would be repelled from our courts. It is averred to have been executed in Missouri. May not that averment be met by plea, and an issue made up *445 to try the fact? It is certainly an important fact. If the plea he found true the action is barred and defeated. It is clearly, then, a good and effectual de-fence. Upon what principle, then, can it be rejected, and its benefit denied to the defendants?
It is most likely that the plea is not true, and was only put in for delay. But this we cannot know. If that be the case, it will be easy for the plaintiffs to take issue upon it, and appeal to the proof.
The conclusion is that the court erred in striking out the plea in question, and for this the judgment must be reversed, and the cause remanded for further proceedings.